**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA DURGARYAN, | No. 10-72724 |
| Petitioner, | |
| v. | Agency No. A079-248-711 |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Laura Durgaryan petitions for review of the order of the Board of

Immigration Appeals (BIA) dismissing her appeal from an immigration judge's

(IJ) decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. Review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), we deny the petition for review.

Even if we were to assume Durgaryan suffered from past persecution based on any one or all three incidents, substantial evidence supports the BIA's determination that the incidents were not committed by the Armenian government or by forces that it was unable or unwilling to control. *See Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013).

Substantial evidence also supports the BIA's determination that Durgaryan does not have a well-founded fear of future persecution based on her Pentecostal religion. Durgaryan failed to present objective evidence that Pentecostals in Armenia face persecution on account of their religion. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution.").

Because Durgaryan failed to establish eligibility for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the BIA's denial of CAT relief because Durgaryan failed to establish that she more likely than not will be tortured

2

if she returns to Armenia. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**